**IN THE UNITED STATES DISCTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ADDONIJAH ROSSI<br>1156 Washington Street<br>Easton, PA 18042<br><br>Plaintiff,<br><br>v.<br><br>FAMOUS SMOKE SHOP PA, INC.<br>d/b/a Famous Smoke Shop<br>90 Mort Drive,<br>Easton, PA 18040<br><br>Defendant. | CIVIL ACTION<br><br>CASE NO.:<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Addonijah Rossi, (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. This action has been initiated by Plaintiff to redress violations by Famous Smoke Shop PA, Inc. d/b/a Famous Smoke Shop (hereinafter referred to as "Defendant"), for violation of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101, et. seq.), the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §2601 et seq.), and the Pennsylvania Human Relations Act ("PHRA")[1]. Plaintiff asserts, *inter alia*, that he experienced unlawful workplace

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from the date of dual-filing with the EEOC. Plaintiff must however file his instant lawsuit in advance of same because of the date of issuance of his federal right-to-sue letter under the ADA. Plaintiff's PHRA claims will mirror identically his federal claims under the ADA.

discrimination and retaliation, culminating in adverse actions from Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3. There lies supplemental and/or ancillary jurisdiction over Plaintiff's future state-law claims, as they arise out of the same common nucleus of operative fact(s) as Plaintiff's federal claims asserted herein.

4. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the *United States Supreme Court in International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

5. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

6. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing his Charge with the EEOC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

7. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8. Plaintiff is an adult with an address as set forth in the caption.

9. Defendant sells and supplies handmade and machine-rolled cigars from around the world with locations across the United States, including Pennsylvania, at the above-captioned address. At all times relevant herein, Plaintiff worked for Defendant at the above-captioned address.

10. At all times relevant herein, Defendant acted by and through its agents, servants, and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff was hired to work for Defendant on or about October 21, 2024, as Call Center Representative.

13. At all relevant times Plaintiff has been supervised by Call Center Manager, Liana Fermin ("Fermin")

14. During the course of his employment with Defendant, Plaintiff was a hard-working employee who performed his job well.

15. Plaintiff has and continues to suffer from disabilities, including but not limited to chronic migraines and other complications of which Defendant's management was made aware,

that limit his ability (at times) to perform certain life functions such as concentrating, seeing, and working.

16. Despite Plaintiff's aforesaid disabilities and limitations, he was able to perform the essential duties of his job well with Defendant; however, he did request reasonable accommodations in order to perform his job effectively, including but not limited to intermittent leave, the ability to work remotely, and the ability to take a break during a flare up of his disabilities.

17. In late 2025, and after Plaintiff became eligible for FMLA, he intermittently missed time from work and/or worked remotely in order to address or treat his disabilities.

18. Despite Plaintiff being entitled to take protected intermittent leave under the FMLA for his serious health condition, including missing work, leaving work early on occasion due to flare-ups of his conditions, without interference, restraint, or retaliation by Defendant, and without such leave being held against him or used as a basis for discipline or termination, Defendant's management and Human Resources ("HR") Department failed to notify him of his intermittent FMLA rights and eligibility.

19. Rather, each time Plaintiff had to take an intermittent leave of absence or leave work early, he used accrued PTO and informed Defendant's management and/or HR Manager, Andre Shy ("Shy"), about his need to miss work due to his disabilities.

20. On March 6, 2026, Shy informed Plaintiff that he was being placed on an involuntary unpaid leave of absence solely because he was infrequently requesting to be accommodated for his disabilities and utilizing PTO intermittently as described *supra*.

21. Moreover, Shy informed Plaintiff that he could not return to work until he could confirm he would stop taking intermittent time off for his disabilities.

22. In response, on or about March 10, 2026, Plaintiff complained to Shy that he was utilizing PTO solely due to his disabilities and that Defendant was "set[ting] [him] up for termination."

23. Shy and Defendant ignored Plaintiff's legitimate complaints of discrimination and told him that he needed to follow Defendant's handbook and that "medical absences" were not an excuse to violate Defendant's attendance policies.

24. On or about March 26, 2026, Plaintiff emailed Shy again complaining about discrimination after doing his own research about utilizing ADA accommodations and the FMLA:

> "Hoping you can give me some clarification because I have been doing a bunch of online research. I don't think what you are telling me is correct.
>
> You told me b/c I was using PTO at times for ongoing health problems and it is becoming a pattern, I need to either take STD or go out on a FMLA leave of absence until I can resume working without calling off for PTO. Because of this, you have had me on unpaid admin leave since 3/6/26. I have been reading about the FMLA online though. It says I am supposed to be allowed to use FMLA "intermittently" for hours or days I needed off periodically. This is basically what I have been doing since November 2024, but you never told me I could use FMLA intermittently. So my questions are why I am being punished for taking intermittent time off and why can't I use FMLA intermittently going forward? Why I am forced out of work? I think my more specific questions for you are: 1. Can I be brought back to work asap since I don't need STD or a long-term FMLA leave? 2. Can I be paid backpay since 3/6 since I didn't need to be on any type of medical leave? 3. Can you temporarily

bring me back even so I can earn some $ while you give me FMLA paperwork to submit for intermittent leave? 4. Will I be allowed to return to work if my doctor checks off intermittent leave instead of a long-term leave like you told me I need to go on?

I hope you can understand. I am going on about 3 weeks of no pay here and I need answers. I can't sustain on some indefinite leave until I never need to miss a day for health reasons in the future. Please see if you can respond today so I know what is going on. Thanks."

25. Shy responded and informed Plaintiff that Defendant "is not viewing this as a disciplinary matter" and for the first time, offered Plaintiff FMLA paperwork.

26. On or about April 3, 2026, Plaintiff emailed Shy that he could not get the medical documents from his doctor filled out because he could not afford the charge from his doctor's office, and asked if Defendant could assist.

27. Approximately three weeks later, on or about April 20, 2026, Shy emailed Defendant and advised Defendant would not assist in paying for the paperwork, and for the first time, alleged Plaintiff was placed on the involuntary unpaid leave "to address reports from your supervisor and manager that you were declining in calls" (as a performance concern).

28. This justification was completely false and inconsistent with Defendant's previous communications and upon information and belief, used to create a new concocted false narrative to justify Plaintiff's unpaid leave and not properly address his need for accommodations.

29. That same day, Plaintiff emailed Shy and complained how he was being retaliated against due to his disabilities and need for accommodations, and requested his concerns be addressed by Defendant's upper management:

> "The things you are saying in your email really concern me because most of it is not true. Additionally, you don't answer my questions in your emails fully. You kind of ignore my questions and just respond with summaries that didn't even happen.
>
> You put me out of work involuntarily on 3/6/26. The only reason you gave me for putting me on unpaid leave was telling me that I had to go on STD or take an FMLA leave because I was calling off for PTO that was a pattern even though I told you it was for legit medical reasons. There was no accommodation discussion. There was no interactive process. It was a punishment. You 100% told me that I was basically put out of work until I stopped missing any medical absences (even if I had PTO). I had no idea I was allowed to use FMLA intermittently, as you just put me out of work period.
>
> After getting no understanding on how to return, I complained to you on 3/26/26 because I did my own research. I complained to you that it was not legal for you in my opinion to just put me on an unpaid leave and that an employee like me is supposed to be able to take time off as needed for a disability or health problem (especially since it was PTO time). When you responded to my 3/26/26 email on 3/26/26, you said nothing is disciplinary and the only reason I was put out of work is because the company is not comfortable with me returning to active live customer

call duties based on my symptoms. You said the company didn't decide yet if I am required to stay on a continuous leave of absence. But I did my job just fine except for having to call out occasionally for a health problem.

I immediately responded to you on 3/26/26 saying you were mischaracterizing things. I complained that you put me out of work just for having a pattern of medical absences. I also complained that you knew I was missing periodic days for medical absences since 2025, but only now you are bringing up that I had to submit medical paperwork. I asked you to please keep me employed and let me earn an income while I have to submit any medical paperwork you claim I need to submit. I have absolutely no money right now. I asked you to tell me what paperwork I have to submit to be allowed to return to work asap.

On 4/3/26, I emailed you saying I have no income, can't afford anything, and I asked if the company would pay any fees for me to get paperwork from my doctor that you wanted filled out. My doctor requires fees for an appointment and paperwork. If you responded to me or offered to pay for the medical paperwork, I would have been able to get it by now. You told me on 4/7/26 I am not forgotten and you expect to have some answers for me. You said you would call me the next day in your email on 4/8/26. You never did.

Today, you emailed me a completely untrue recap and still ignored my request for fees for medical paperwork. We did not discuss me supposedly declining calls. In

fact, your prior emails said to me nothing was a disciplinary concern and you only had medical concerns for putting me out of work thinking I could not medically do my job. You are now claiming for the first time there was a discipline concern. I also never said I was experiencing serious medical symptoms that interfered with my job. That is false. All I shared was that, like anyone with disabilities, I needed periodic days off from work and I explained my health problems to you. Of course, anyone with a disability flareup can't work a particular day, and that is why they call out. But when I showed up to work, I did my job fine. Claiming I told you my disabilities prevent me from working while I am at work is so untrue and I am really upset you emailed me that. You never told me of ADA accommodations in our original call. All you did was tell me I have to go on unpaid leave and can file for STD until I need to stop missing time for health reasons.

You put me out of work to punish me for needing some days off for my disabilities. Then, each email you sent me stated things that were so false that you seem like you are just trying to change an entire story to justify what you did to me in the first place. Now you are telling me my job is conditioned on me returning medical documents when all I ever needed was to miss some days for attendance (generally covered by PTO) for health reasons. I still don't understand why you just didn't let me keep working if anything you are saying is true so I could afford to go to my doctor to get medical forms you are asking for now.

> I do not have a penny to my name. My bank account is in the negative. I just got my first unemployment check that was deposited into my bank account but it is still in the negative (and was applied to owed funds). Can you for the first time actually respond if the company will pay for my doctors to fill out any of the paperwork you are requesting? You have have kept me out of work for no reason other than your punishment for what you viewed as my pattern of medical absences despite you trying to change that story now. I have no income for almost 2 months now because of what you did to me. I am very upset. I showed up to my doctor and couldn't afford their requests. Since you caused this, I feel like you should pay for the paperwork I need that you are requesting. Please let me know immediately if the company will pay for any medical paperwork you are requesting now.
>
> Lastly, can you please have someone else communicate with me from the company who is above you. I think other management needs to know what you did to me and to read all of your emails to me about how you are making up false things to change your story. This is 100% disability discrimination and retaliation. I just wanted to be treated fairly and honestly and get back to work. Thank you.

30. A week later, on or about April 27, 2026, Shy responded and told Plaintiff that they should meet in person and that Shy would not advise upper management of Plaintiff's concerns because he is the "only person in HR."

31. After meeting with Shy, Plaintiff submitted his completed FMLA medical paperwork to which Shy continued to deny Plaintiff's return to work.

32. On or about June 2, 2026, Plaintiff's doctor provided additional FMLA medical paperwork directly to Defendant.

33. Still not being allowed to return to work, Plaintiff emailed Shy and complained again on or about June 15, 2026, reinforcing how he wanted to speak to Defendant's upper management for being discriminated and retaliated against:

> "Can you please see if there is anyone higher up in the company I can talk to make a formal complaint about you. I just can't let this go, and I need to be heard. I would like to have a meeting and air my concerns as soon as I get back to someone who oversees the company about you.. Your handling of ADA and FMLA stuff is atrocious. I am going to need to speak with mgt and show them our history and emails. I don't think any other employee should be a victim of having to have you handled their ADA / FMLA stuff.
>
> You asked when am able to begin working in your email today. I have begged to work since you forced me out on 3/6/26. So, I have been able to work since you put me on forced leave. I have never been unable to work. You just kept changing the reasons of why you forced me on leave.
>
> You were suggesting I might be able to finally return to work in our discussions between 5/27/26 – 5/29/26, but that since my FMLA paperwork was not fully completed (in your view) I may not be covered by the FMLA. To make sure there was no reason to write me up or fire me, I rushed to get you my FMLA paperwork with a few extra responses you sought by 6/2/26 so that I was protected legally if

allowed to work again. It has taken you 2 weeks to respond to me about being allowed to return after I sent you the revised FMLA paperwork on 6/2/26. That is so unprofessional especially since you know I have been complaining to you about what you have been doing to me.

In our meeting on 5/27/26, you told me I can only pick an accommodation under the ADA or I can use FMLA leave intermittently, not both. That made no sense, so I said I felt I should be entitled to both. You finally agreed and said OK, the company will give you the intermittent leave and my ADA accommodations. I have already had the same ADA accommodations since late 2025. All I do is stretch or take a short break during an hour when I have back pain, a spasm, or tightness. That has not impacted my ability to work. So, yes I am telling you I can work.

It really eats at me that you have my ADA forms and know all of the short break and stretching stuff and that it doesn't prevent me from doing my job. You know that an FMLA form is not about accommodations like that. So to stall me out longer, you ask me about the sitting / stretching stuff in the FMLA form when it is already clear in my ADA forms (the answers to your questions). PLEASE JUST GIVE ME A START DATE. I WILL START TOMORROW IF YOU LET ME. I'LL EVEN WORK A HALF DAY TODAY IF YOU LET ME."

34. Shortly after this latest complaint, Shy advised Plaintiff he could return to work the following day, June 16, 2026.

35. Plaintiff continues to work for Defendant to date, but due to Defendant's discriminatory and retaliatory actions in violation of the ADA and FMLA, Plaintiff lost pay for approximately three months.

**COUNT I**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Failure to Accommodate; and [3] Retaliation)**

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities.

38. Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendant, however, Plaintiff did require reasonable medical accommodations at times.

39. Plaintiff requested reasonable accommodations from Defendant, including but not limited to intermittent time off to treat for and manage his aforesaid disabilities, as well as the ability to take occasional short breaks and/or work remotely.

40. At times, Defendant's management refused to accommodate Plaintiff's disabilities and discouraged him from utilizing protected medical leave.

41. For disclosing his disabilities and requesting accommodations for the same, Defendant placed Plaintiff on an involuntary unpaid leave of absence for approximately three months.

42. Despite Plaintiff complaining repeatedly of discrimination and retaliation, Defendant failed to properly return Plaintiff to work for months.

43. Plaintiff believes and therefore avers that his disabilities, requests for accommodations, and/or complaints of discrimination were a motivating and/or determinative factor in Defendant's decision to place and keep him on involuntary unpaid leave.

44. Defendant's actions as aforesaid constitute violations of the ADA.

**COUNT II**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Retaliation & Interference)**

45. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

46. After completing one year of employment with Defendant, Plaintiff became an eligible employee under the FMLA and Defendant was an employer subject to the FMLA.

47. Plaintiff suffered from serious health conditions within the meaning of the FMLA.

48. As a result of Plaintiff's aforesaid serious health conditions, Plaintiff required intermittent leave, including but not limited to leaving work early on occasion to treat for and manage his conditions.

49. Plaintiff kept Defendant informed of his serious health conditions and need for intermittent leave.

50. Despite being aware of Plaintiff's eligibility for FMLA and his serious health conditions, Defendant failed to properly advise Plaintiff of his intermittent FMLA rights for months until Plaintiff brough it up.

51. In response, Plaintiff was subjected to hostility and animosity by Defendant's management and HR Department as a result of his aforesaid request for intermittent FMLA and ultimately not permitted to utilize FMLA as requested for months.

52. Defendant committed interference and retaliation violations of the FMLA by: (1) failing to properly notify Plaintiff of his intermittent FMLA rights; (2) placing Plaintiff on an involuntary unpaid leave of absence for requesting and/or attempting to exercise his FMLA rights; (3) taking actions towards him that would dissuade a reasonable person from exercising his rights under the FMLA; and/or (4) considering Plaintiff's FMLA leave needs in making the decision to place him on an involuntary unpaid leave of absence.

53. Defendant’s actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant’s illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

C. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress/pain and suffering);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys’ fees as provided by applicable federal and state law; and

F. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: August 25, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Addonijah Rossi | : | CIVIL ACTION |
| v. | : | |
| | : | |
| Famous Smoke Shop PA, Inc. d/b/a Famous Smoke Shop | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| 8/25/2026 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

***RELATED CASE IF ANY:*** Case Number:__________ Judge:__________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:__________

**B. *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):__________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*__________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[ X ] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[ ] None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ROSSI, ADDONIJAH

**(b)** County of Residence of First Listed Plaintiff: Northampton
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS

FAMOUS SMOKE SHOP PA, INC. D/B/A FAMOUS SMOKE SHOP

County of Residence of First Listed Defendant: Northampton
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - mployment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(*Do not cite jurisdictional statutes unless diversity*)**:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____________ DOCKET NUMBER ____________

DATE 8/25/2026 SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________